IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-31-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FRANCHOT NIGEL WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is Defendant Franchot Nigel Woods' Motion to Reconsider Order of Detention Pending Trial and Request for a Hearing [DE 19] pursuant to 18 U.S.C. § 3145(b). The government opposes the motion. [DE 21]. For the reasons stated below, Defendant's motion is denied.

## I. BACKGROUND

On March 22, 2016, a grand jury returned a one-count indictment charging with Defendant with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE 3]. Defendant appeared before the Honorable Robert B. Jones, Jr., United States Magistrate Judge, for a detention hearing on April 5, 2016. At the hearing, Judge Jones found that Defendant poses a risk to the safety of other persons and the community, and there is no condition or combination of conditions that will reasonably assure community safety. As a result of these findings, Judge Jones entered an oral order of detention pending trial, which he subsequently reduced to writing in an order issued that same day. [DE 18].

## II. APPLICABLE LAW

### A. Standard of Review

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the court reviews the magistrate judge's order *de novo*. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001). In so doing, the court makes "an independent determination of the proper pretrial detention or conditions of release." *Id.* "The [c]ourt is free to use in its analysis any evidence or reasons relied on by the magistrate judge . . . ." *United States v. Hubbard*, 962 F. Supp. 2d 212, 215 (D.D.C. 2013). The court may also conduct a further evidentiary hearing at its discretion. *See United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985); *accord Hubbard*, 962 F. Supp. 2d at 215.

### B. Statutory Framework

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, the court must order a defendant's pretrial release, with or without conditions, unless it finds "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); *see also id.* § 3142(b)-(c). In order to obtain a detention order, the Government must demonstrate (1) by a preponderance of the evidence that the defendant poses a risk of flight; or (2) by clear and convincing evidence that no conditions other than detention will reasonably assure the safety of any other person and the community. *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir.

2005); *Stewart*, 19 F. App'x at 48.

In assessing whether detention is appropriate, the court considers "the available information" on the following factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community posed by a release on conditions.[1] 18 U.S.C. § 3142(g). The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. 18 U.S.C. § 3142(f).

### III. DISCUSSION

In accordance with § 3145(b) and the relevant case law, this court has conducted a *de novo* review of the detention order. Having considered the Pretrial Services Report ("PSR"), Magistrate Judge Jones' oral and written orders, the recording of the April 5, 2016 detention hearing and the arguments of counsel, the court finds that no further evidentiary hearing is necessary. Upon review of the § 3142(g) factors, the court agrees that detention pending adjudication is appropriate.

The nature and circumstances of the offense charged weighs in favor of detention as Defendant was previously convicted for felon in possession of a firearm on September 2, 2003. *See United States v. Woods*, No. 7:03-CR-63-F [DE 14]. The strength of the Government's evidence, including admissions of Defendant, also weighs in favor of detention.

The history and characteristics factor also support detention. While Defendant is a resident of the area with sufficient family ties to favor pretrial release, his criminal history is far

---

[1] Congress has also created a rebuttable presumption that detention is appropriate in cases where a defendant has been charged with certain offenses. 18 U.S.C. § 3142(e)(3). This presumption is inapplicable here.

from minimal. The PSR reflects Defendant's recent criminal history consists of a 2011 state court conviction for felony possession with the intent to sell marijuana and felony manufacture of marijuana and six state court misdemeanor convictions between 2012 and 2015, in addition to his 2003 federal felony conviction. The PSR reflects further that Defendant violated his conditions of supervised release following his 2003 federal conviction on two separate occasions. Defendant also violated his conditions of supervised release following his 2011 state conviction. This factor strongly favors detention in that it demonstrates Defendant's repeated failure to refrain from criminal activity while subject to the terms of court-imposed supervision.

Finally, Defendant's engagement in illegal conduct while on probation or supervised release counsels strongly against release. This aspect of Defendant's prior criminal history significantly reduces the court's confidence that he will now comply with the conditions of his release and instead suggests that, if given an opportunity, Defendant has difficulty refraining from engaging in further illegal conduct that endangers the community.

Defendant states only that upon conclusion of the detention hearing, his "third party custodian . . . arrived in court." Defendant's motion is entirely devoid of factual support, argument or legal analysis on this point.[2] Simply advising of Ms. Woods' purported willingness to serve as a third-party custodian is an inadequate basis on which to grant Defendant's motion.

In sum, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of other persons and the community.

---

[2] Minimal information regarding the third-party custodian is gleaned from the record. During the detention hearing, defense counsel advised only that Lachelle Woods, defendant's sister and a juvenile counselor, was willing to serve as a third-party custodian but was unable to attend the hearing due to work obligations. Similar information is provided in the PSR.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider Order of Detention Pending Trial and Request for a Hearing [DE 19] is DENIED and the Detention Order Pending Trial [DE 18] is AFFIRMED.

SO ORDERED.

This the 4th day of May, 2016.

                                                            *James C. Fox*
                                                            _____
                                                            **JAMES C. FOX**
                                                            Senior United States District Judge